**In re Samuel E. DIXON, Jr., Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 97–BG–1990.**

District of Columbia Court of Appeals.

Submitted Nov. 12, 1998.

Decided Dec. 10, 1998.

Before SCHWELB and RUIZ, Associate Judges, and NEWMAN, Senior Judge.

PER CURIAM:

In 1994, Samuel E. Dixon, Jr., a member of the Bar of the Supreme Court of Connecticut and of this court, settled a personal injury claim on behalf of a client in Connecticut for $13,500. Dixon received the settlement check and deposited it in a non-interest bearing client account. Dixon did not advise his client of the amount of the settlement offer, nor did he disclose to her his intention to settle the claim before he did so, or before he received the payment.

Dixon presented to the insurance company a general release purportedly signed by the client and witnessed by James J. Patterson on August 5, 1994. In fact, the release had been signed by the client on November 21, 1992, long before the settlement was negotiated. Moreover, Patterson was not present when Dixon's client signed the document. After Dixon received the settlement funds, he failed to make a prompt payment to his client.

In a proceeding instituted by disciplinary authorities in Connecticut, Dixon stipulated that the above-described conduct violated the Rules of Professional Conduct. Dixon was suspended from practice in Connecticut for nine months.[1]

In light of Dixon's suspension in Connecticut, the Board on Professional Responsibility has recommended that this court impose reciprocal discipline and that we suspend Dixon from practice in the District for nine months. Neither Bar Counsel nor Dixon has filed an exception to the Board's recommendation, and our normally deferential standard of review is therefore even more deferential. *See, e.g., In re Goldsborough,* 654 A.2d 1285, 1288 (D.C.1995). Accordingly, Samuel E. Dixon, Jr. is hereby suspended from practice for a period of nine months.

*So ordered.*[2]

---

1. Neither the stipulation nor the order of suspension in the Connecticut proceeding identified the specific Rule or Rules of Professional Conduct which Dixon was found to have violated. In the District of Columbia proceeding, however, the Board on Professional Responsibility concluded that Dixon had violated Rule 1.2(a) (by failing properly to notify his client of the settlement) and Rule 1.15(b) (by failing to deliver the proceeds of the settlement promptly to the client).

2. The Board has advised us that Dixon has not filed an affidavit pursuant to D.C. Bar R. XI, § 14(g), as required by this court's order of interim suspension. Dixon's interim suspension will remain in effect until he files a satisfactory affidavit. The nine-month suspension will begin as soon as he has done so. *Cf. In re Slosberg,* 650 A.2d 1329, 1331 (D.C.1994).