**In re Paul C. BLAND, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 99–BG–1070.**

District of Columbia Court of Appeals.

April 27, 2000.

Before STEADMAN and GLICKMAN, Associate Judges, and BELSON, Senior Judge.

PER CURIAM:

On May 11, 1999, the Virginia State Bar issued two public reprimands of respondent Paul C. Bland, who is also a member of our bar, and required him to comply

with certain terms and conditions.[1] The first reprimand stemmed from respondent's negligent handling of a lawsuit and failure to comply with record-keeping requirements. Specifically, respondent repeatedly failed to do what was necessary to accomplish service by publication, and then failed to take steps to move the case along.[2] In addition to his public reprimand, respondent was directed to withdraw from the representation and refund the fee paid by the client. The second reprimand disciplined respondent for stating in pleadings that he represented people who, in fact, had not retained him, and for failing to forward proceeds checks to those people, having instead sent all of the checks to the one person he did represent. As a condition of his reprimand, respondent was ordered to send letters of apology to the people he falsely claimed to be representing.

Bar Counsel filed with this court certified copies of the Virginia disciplinary orders, and we referred the matter to the Board on Professional Responsibility ("Board"). The Board determined that respondent's misconduct warrants substantially different discipline in the District of Columbia because he has a prior disciplinary record in this jurisdiction.[3] See D.C.

Bar R. XI, § 11(c)(4). Instead of identical discipline, the Board recommends reciprocal discipline in the form of a 30-day suspension.

Bar Counsel has informed the court that she takes no exception to the Board's report and recommendation. Respondent has not filed any opposition to the Board's report and recommendation. The lack of opposition gives this court a very limited scope of review; thus, we adopt the Board's recommendation. See D.C. Bar R. XI, § 11(f); In re Goldsborough, 654 A.2d 1285, 1288 (D.C.1995). Accordingly, it is

ORDERED that Paul C. Bland be suspended from the practice of law in the District of Columbia for the period of thirty days. We direct respondent's attention to the requirements of D.C. Bar R. XI, § 14, and to the consequences of noncompliance set forth in D.C. Bar R. XI, § 16(c).

*So ordered.*

---

1. The reprimands were issued by the Third, Section 1 District Subcommittee of the Virginia State Bar.

2. Respondent also failed to deposit his fee into a trust account and failed to maintain a trust account subsidiary ledger on the client. At the time of occurrence, neither action constituted misconduct in the District of Columbia; thus, neither warrants reciprocal discipline in this jurisdiction.

3. Respondent was publicly censured by this court in 1998 for a total of ten disciplinary violations involving neglect and use of a misleading letterhead. In re Bland, 714 A.2d 787 (D.C.1998).