**In re Samuel E. DIXON, Jr., Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**Nos. 99–BG–56 & 00–BG–122.**

District of Columbia Court of Appeals.

Submitted Nov. 9, 2000.

Decided Dec. 14, 2000.

Before STEADMAN, GLICKMAN and WASHINGTON, Associate Judges.

PER CURIAM:

Respondent Samuel E. Dixon, Jr., was disciplined by the Superior Court of Connecticut, Judicial District of New Haven ("the Connecticut Court"), on October 15, 1998, for appropriating money to himself as payment for legal fees in a probate matter without authorization, commingling personal funds with client funds, failing to promptly deliver funds to a client, failing to keep accurate accounting records, creating a conflict of interest, being dishonest with other attorneys and with the court, and other ethical violations. The Connecticut Court imposed a two-year suspension and conditioned respondent's reinstatement on his completion of nine credit hours of relevant continuing legal education courses, his reimbursement of the accounting expert's fees for the disciplinary investigation, and his application for readmission. A year later, on December 6, 1999, the Connecticut Court suspended respondent for an additional nine months

for failing to provide a client with a written contingency fee agreement and sharing fees with another attorney without the client's consent.

Respondent did not report either suspension to Bar Counsel as required by D.C. Bar R. XI, § 11(b). After learning of the suspensions, Bar Counsel filed in this court certified copies of the Connecticut disciplinary orders. This court temporarily suspended respondent in each case pursuant to D.C. Bar R. XI, § 11(d), consolidated the cases, and referred them to the Board on Professional Responsibility ("Board").

Reviewing the decision of the Connecticut Court, the Board determined that respondent had been found to have committed "serious commingling, intentional and/or reckless misappropriation and serious dishonesty," among other ethical violations. The Board concluded that respondent's misconduct warrants discipline in this jurisdiction substantially different from the discipline imposed in Connecticut, particularly in light of the number of ethical violations and the fact that respondent has a prior disciplinary record for somewhat similar misconduct.[1] The Board has thus recommended that respondent be disbarred as reciprocal discipline in the former case, no. 99–BG–56. In the latter case, no. 00–BG–122, the Board concluded that identical reciprocal discipline of a nine-month suspension was appropriate, but is unnecessary if respondent is disbarred. Thus, the Board recommends only that the facts of the latter case be considered in the event respondent seeks reinstatement in the future. *See In re Herndon,* 609 A.2d 682 (D.C.1992) (holding

---

1. In 1996, the Board reprimanded respondent for failing to have a written fee agreement, failing to communicate his intention to withdraw, failing to notify a physician of receipt of settlement funds, and failing to disburse proceeds to the physician. In 1998, this court suspended respondent for nine months for failing to advise a client of the amount of a settlement offer, settling the claim without

first advising the client of his intent to do so, presenting a release purportedly signed by the client on August 5, 1994, that was in fact signed on November 21, 1992, long before the settlement was negotiated, and failing to make prompt payment to the client. *In re Dixon,* 721 A.2d 168 (D.C.1998). Both of these proceedings were reciprocal discipline for misconduct that occurred in Connecticut.

that it was unnecessary to impose sanction for attorney who was already disbarred).[2]

Bar Counsel has informed the court that she takes no exception to the Board's report and recommendation. Respondent, who did not participate in any stage of the disciplinary proceedings before the Board, has not filed any opposition to the Board's report and recommendation.

Respondent's failure to file an exception to the Board's report and recommendation acts as a concession that reciprocal discipline is warranted and that the Board's proposed sanction is appropriate. *In re Goldsborough,* 654 A.2d 1285, 1287–88 (D.C.1995); *see also* D.C. Bar R. XI, § 11(f). Our deference to the Board in such cases is not diminished by the fact that the sanction recommended by the Board is substantially different from the sanctions imposed by the Connecticut Court. *See, e.g., In re Bland,* 749 A.2d 750 (D.C.2000).

The sanction of disbarment is not inconsistent with the discipline this court has imposed for similar misconduct. Disbarment is the appropriate sanction in nearly all cases of intentional or reckless misappropriation. *In re Addams,* 579 A.2d 190, 191 (D.C.1990) (en banc). *See also In re Thomas,* 740 A.2d 538 (D.C.

1999) (disbarment for commingling personal and client funds, misappropriation, dishonesty, and failing to inform third party that he had received settlement funds to which third party was entitled). Accordingly, it is

ORDERED that Samuel E. Dixon, Jr., be disbarred from the practice of law in the District of Columbia in case no. 99–BG–56. In light of the disbarment, we impose no sanction in no. 00–BG–122 but note that respondent's misconduct in that case can be considered by the Board and this court in the event respondent seeks reinstatement. We further note that respondent has not filed the affidavit required by D.C. Bar R. XI, § 14(g) in either of these cases or in his previous disciplinary case in this court. Thus, for the purpose of seeking reinstatement to the Bar, respondent's disbarment shall not be deemed to begin until he files such affidavit. *See* D.C. Bar R. XI, § 16(c).

*So ordered.*

2. After the Board filed its report and recommendation, the Supreme Court of Connecticut denied respondent's petition for certification to appeal his suspension. Thus, the Board's discussion of whether its action in this matter should be delayed until disposition of respondent's appeal is moot, and we do not address it.