**In re Donald G. RICHARDS, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 99–BG–1073.**

District of Columbia Court of Appeals.

Submitted Nov. 14, 2000.

Decided Dec. 28, 2000.

Before WAGNER, Chief Judge, SCHWELB, Associate Judge, and NEWMAN, Senior Judge.

PER CURIAM:

Respondent Donald G. Richards is a member of the bar of this court and was formerly a member of the Virginia State Bar. During a 1998 investigation of allegations against him by Virginia disciplinary authorities, respondent admitted that he misappropriated money in his attorney trust account over a nine-year period. Respondent's misconduct included the use of client funds to pay office and personal expenses.

In the face of pending disciplinary action in Virginia, respondent petitioned the Virginia State Bar Disciplinary Board ("the Virginia Board") for leave to surrender his license to practice law in that jurisdiction. On December 3, 1998, the Virginia Board accepted respondent's resignation and revoked his license to practice law. Subsequently, a receiver who had been appointed to oversee the closing of respondent's practice found, in a preliminary report, that respondent's trust account was deficient in the amount of approximately $297,228.00. The receiver further found that respondent had misappropriated funds from at least twelve clients and that respondent's records "revealed a pattern of mishandling of client funds."

Bar Counsel filed with this court a certified copy of the order revoking respondent's license to practice law in Virginia. This court temporarily suspended respondent pursuant to D.C.Bar R. XI, § 11(d) and referred the matter to the Board on Professional Responsibility ("the Board").

The Board concluded that substantially different discipline is warranted in this jurisdiction and recommended that re-spondent be disbarred. Bar Counsel has informed the court that she takes no exception to the Board's recommendation. Respondent did not participate in the proceedings before the Board, and he has not filed any opposition to the Board's recommendation.

Respondent's failure to file any exceptions to the Board's recommendation constitutes an effective acknowledgment that reciprocal discipline is warranted and that the Board's proposed sanction is appropriate. *In re Goldsborough,* 654 A.2d 1285, 1287–88 (D.C.1995); *see also* D.C.Bar R. XI, § 11(f). The record supports the Board's conclusion that respondent intentionally misappropriated client funds.[1] We held in *In re Addams,* 579 A.2d 190, 198–99 (D.C.1990) (en banc), that disbarment is the appropriate sanction in nearly all cases of intentional misappropriation. We are aware of no reason to make an exception in respondent's case. Accordingly,

Donald G. Richards is disbarred from the practice of law in the District of Columbia. We note that respondent has not filed the affidavit required by D.C.Bar R. XI, § 14(g). Respondent's attention is directed to the requirements of that rule and their effect on his eligibility for reinstatement. *See* D.C.Bar R. XI, § 16(c).

*So ordered.*

---

1. The rule pursuant to which the Virginia Board accepted respondent's resignation provides that a resignation tendered while disci-plinary charges are pending is deemed an admission that the allegations of misconduct are true. Va.Sup.Ct.R.Pt. 6, § IV, ¶ 13(I).