**In re Christos G. LADAS, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

No. 01–BG–853.

District of Columbia Court of Appeals.

Submitted May 8, 2002.

Decided May 23, 2002.

Before TERRY and STEADMAN, Associate Judges, and NEBEKER, Senior Judge.

PER CURIAM:

Respondent Christos G. Ladas was admitted to the practice of law in the District of Columbia on November 22, 1991. He was subsequently suspended on November 30, 1995, for his failure to pay Bar Membership dues. On February 7, 2001, Ladas was disciplined by the Appellate Division of the New York Supreme Court, Fourth Department (the "New York Court"), based on the finding that he violated Disciplinary Rules 1–102(A)(4) (misrepresentation and dishonesty); 1–102(A)(7) (fitness to practice law); 9–102(A) (misappropriating client funds); and 9–102(B)(1) (failing to maintain funds of a client in a special account separate from business or personal accounts) of the New York Code of Professional Responsibility. The New York Court imposed a two-year suspension in light of the "matters of mitigation submitted by respondent, including the fact that Respondent has made restitution."

The suspension arose from his representation of Ronald E. Johns, the personal representative of the Estate of Mildred R. Bergmann, in matters related to the administration of the Estate. In March 1999, Mr. Johns delivered a check to Ladas in the amount of $76,593.49, payable to the Bergmann Estate, representing the proceeds of a government securities account maintained by the decedent. On March 10, 1999, Ladas deposited the full amount into a trust account. Thereafter, Ladas made three payments from that account for legitimate expenses relating to the Bergmann Estate totaling $21,349.54. Between March 22, 1999 and July 22, 1999, Ladas drew on the trust account $51,425.00 for payment of his personal and business expenses unrelated to the admin-

istration of the Bergmann Estate. Subsequently, Ladas borrowed money from his father in order to repay the Bergmann Estate the funds he converted for his personal use. The record does not indicate whether that restitution was made before or after the conversion of the Bergmann Estate funds was discovered. However, Ladas delivered to the residuary beneficiaries their net shares of the Bergmann Estate, in amounts totaling $50,980.10, on March 31, 2000.

Reviewing the decision of the New York Court, the Board determined that respondent had been found to have "engaged in intentional misappropriation." Specifically, the Board noted that respondent "admitted that he applied a large sum of money belonging to the Bergmann Estate to his own unrelated personal and business purposes," and moreover, it was not "due to some mistaken apprehension that the funds actually belonged to Respondent." The Board recommended that we depart from the imposition of identical reciprocal discipline under D.C. Bar R. XI, § 11(c)(4) of our local rules, because a finding of intentional misappropriation in this jurisdiction warrants disbarment.

■ Bar counsel takes no exception to the Board's recommendation. Respondent did not participate in any stage of the disciplinary proceedings before the Board, nor has he filed an opposition to the Board's report or recommendation. Respondent, therefore, effectively concedes reciprocal discipline is warranted and the Board's proposed sanction is appropriate. *In re Goldsborough*, 654 A.2d 1285, 1287–88 (D.C.1995); *see also* D.C. Bar R. XI, § 11(f). Accordingly, our scope of review is very limited. *See, e.g., In re Bland*, 749 A.2d 750 (D.C.2000).

■ In virtually all cases of intentional or reckless misappropriation, disbarment is the appropriate sanction. *In re*

*Addams*, 579 A.2d 190, 191 (D.C.1990) (*en banc*); *see also In re Dixon*, 763 A.2d 730 (D.C.2000) (disbarment for misappropriation, commingling client funds, conflict of interest, dishonesty, failing to promptly deliver funds to a client, and other ethical violations). Accordingly, it is

ORDERED that Christos G. Ladas, Esquire, be disbarred from the practice of law in the District of Columbia. We direct respondent's attention to the requirements of D.C. Bar R. XI, § 14 relating to suspended attorneys, including the requirement to timely file the affidavit required by § 14(g), and the effect of noncompliance as it relates to eligibility for reinstatement, as set forth in D.C. Bar R. XI, § 16(c).

*So ordered.*