**In re Bruce H. HEST, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 01–BG–663.**

District of Columbia Court of Appeals.

Submitted May 15, 2003.
Decided May 29, 2003.

---

Before RUIZ, REID and WASHINGTON, Associate Judges.

PER CURIAM:

This matter came before the Board on Professional Responsibility ("Board") as a result of discipline imposed upon Bruce H. Hest ("Respondent") by the Supreme Court of Florida,[1] for ethical misconduct warranting such sanction from the Florida Bar.[2]

Bar Counsel, upon review of the Respondent's Florida disciplinary record, recommended that reciprocal discipline be imposed and that the Respondent be disbarred in the District of Columbia. On October 31, 2002, the Board determined that reciprocal discipline in the form of disbarment should be imposed and recommended that the Respondent be disbarred.

Respondent has filed no brief with this court opposing the Board's recommendation. We therefore impose the discipline recommended by the Board in its Report and Recommendation. *See* D.C. Bar R. XI, § 11(f)(1).[3]

ORDERED that Bruce H. Hest shall be disbarred, effective immediately. For purposes of eligibility to apply for reinstatement, disbarment will be deemed to commence upon the filing of the affidavit required by D.C. Bar R. XI, § 14, which respondent has not yet filed.[4]

*So ordered.*

---

1. On October 4, 2000, the Respondent was suspended from the practice of law in Florida on an emergency basis on Petition for Emergency Suspension by The Florida Bar. On March 1, 2001, the Respondent submitted an uncontested Petition for Disciplinary Resignation, which was granted on May 10, 2001.

   The Florida Supreme Court noted that its grant of the petition for disciplinary resignation with leave to seek readmission after five years "is tantamount to disbarment," and further noted, quoting rules and regulations governing admissions to the bar, that "[a]s with disbarment, in seeking readmission to The Florida Bar, Respondent 'may be admitted again only upon full compliance" ' with said rules and regulations.

2. The Respondent's petition to the Florida Court cited various outstanding disciplinary matters, including a disciplinary action alleg-ing misappropriation of client funds, a pending disciplinary matter involving allegations of having charged a clearly excessive fee, and two other matters in which he was alleged to have engaged in numerous trust accounting violations, including misappropriation of client funds.

3. Our "review of the Board's report should be deferential where respondent has bypassed the opportunity to identify and brief issues ." *In re Dubow,* 729 A.2d 886, 887 (D.C.1999) (noting that Respondent initially excepted but failed to file a brief identifying the issues before this court) (citing *In re Goldsborough,* 654 A.2d 1285, 1287–88 (D.C.1995)).

4. Pursuant to D.C. Bar R. XI, § 14, the Respondent is required to notify all clients and attorneys for adverse parties about the disbar-

ment and, pursuant to Rule XI, § 14(g), to maintain records showing compliance with § 14 as a condition of eventual reinstatement, pursuant to Rule XI, § 16(a). *See In re Shore,* 817 A.2d 834, 834 (D.C.2003).