**In re Gerald H. PARSHALL, Jr., Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 396877).**

**No. 02–BG–430.**

District of Columbia Court of Appeals.

July 21, 2005.

Before REID and GLICKMAN, Associate Judges, and PRYOR, Senior Judge.

PER CURIAM.

The respondent, Gerald H. Parshall, Jr., was employed as a trial lawyer by the United States Department of Justice, Tax Division. In that capacity, on at least one occasion, Mr. Parshall intentionally misled a United States District Court. The particular incident which brought about this case was his intentional filing of a false status report that also attached documents he had fabricated in order to support his fraudulent report. After his actions were discovered, Mr. Parshall resigned from the Department of Justice and was reprimanded by the Maryland Court of Appeals for violating its Rule of Professional Conduct 3.3(a)(1).[1] Bar Counsel notified us of this action and on May 14, 2002, we issued an order directing her to inform the Board on Professional Responsibility ("Board") as to her position on reciprocal discipline, and directing Mr. Parshall to show cause why identical, greater, or lesser discipline should not be imposed in this jurisdiction. *See* D.C. Bar R. XI, § 11(d).

Bar Counsel subsequently submitted a Statement to the Board which concluded that "non-identical reciprocal discipline should be imposed in this matter[,]"[2] and recommended that the Board either refer the issue of an appropriate sanction to a Hearing Committee or direct her to take additional action.[3] *See* D.C. Bar R. XI, § 11(g)(2)-(3). The Board agreed that not only was non-identical discipline appropri-

ate, but that additional charges might be warranted given certain information contained in a sealed report from the Department of Justice's Office of Professional Responsibility which Bar Counsel had attached to her Statement. Accordingly, the Board directed Bar Counsel to advise it whether she would institute proceedings based on charges other than the violation of Rule 3.3(a)(1). Bar Counsel declined to proceed on other charges and the Board referred the matter to a Hearing Committee to determine an appropriate sanction. Mr. Parshall testified briefly on his own behalf at the hearing and was cross-examined by Bar Counsel. The Committee ultimately recommended a six-month suspension and Bar Counsel filed exceptions. Mr. Parshall opposed Bar Counsel's exceptions and argued that she should either accept the Hearing Committee's recommendation or reduce it. Oral argument was presented to the Board and it agreed with Bar Counsel's exceptions; however, it disagreed with her proposed sanction of a three-year suspension and has submitted a Report and Recommendation to this court recommending that an eighteen-month suspension be considered appropriate in light of all relevant facts including the presence of several mitigating factors.[4]

 Neither Bar Counsel nor Mr. Parshall have filed any exceptions to the Board's Report and Recommendation and in such cases we give great deference to the Board's recommendation. *See* D.C.

---

1. The Maryland rule is substantially similar to our own Rule 3.3(a)(1) (attorney may not knowingly making a false statement of law or material fact to a tribunal).

2. R. at Tab 5.

3. Because Mr. Parshall had not participated in the proceedings by this time and had taken no exception to its imposition, he was deemed to have conceded that reciprocal discipline was appropriate.

4. While we do not minimize the severity of his misconduct, and reiterate the strongest possible disapproval of dishonesty by members of our bar, we also note that Mr. Parshall has had no prior disciplinary problems in nearly twenty years of practice, he apparently sincerely regrets his actions, he has cooperated fully with Bar Counsel, and he has voluntarily participated in *pro bono* programs and provided representation to indigent persons in the past.

Bar R. XI, § 9(g)(2); *In re Delaney*, 697 A.2d 1212, 1214 (D.C.1997). Our deference is not diminished by the fact that the recommended sanction is substantially different from the sanction imposed by the Maryland Court of Appeals. *See, e.g., In re Bland*, 749 A.2d 750 (D.C.2000). Moreover, by failing to file any exceptions, Mr. Parshall has effectively conceded that the proposed sanction is appropriate. *See In re Goldsborough*, 654 A.2d 1285, 1287–88 (D.C.1995); D.C. Bar R. XI, § 11(f). As an eighteen-month suspension is within the range of sanctions this court has imposed for similar misconduct, *compare In re Corizzi*, 803 A.2d 438 (D.C.2002) (disbarment), *with In re Rosen*, 481 A.2d 451 (D.C.1984) (three-month suspension), we hereby adopt the Board's recommendation. Accordingly, it is

ORDERED that Gerald H. Parshall, Jr. be suspended from the practice of law in the District of Columbia for the period of eighteen months. For the purpose of seeking reinstatement to the Bar, respondent's suspension shall not begin until he complies with the affidavit requirements of D.C. Bar R. XI, § 14(g).

*So ordered.*