**In re Oscar S. MAYERS, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals Bar Registration (Bar Registration No. 407619).**

No. 05–BG–1342.

District of Columbia Court of Appeals.

Decided March 20, 2008.

Before REID and BLACKBURNE–RIGSBY, Associate Judges, and NEWMAN, Senior Judge.

PER CURIAM:

The Board on Professional Responsibility ("Board"), in accord with the Hearing Committee, has found that respondent, Oscar S. Mayers,[1] violated Rules 3.3(a)(1)

1. Respondent was admitted to the D.C. Bar on February 6, 1987, and has had no prior disciplinary history during his nearly twenty year career as an Assistant United States Attorney in the District of Columbia. Respon-

(making a false statement of material fact to a tribunal); 3.4(a) (altering evidence); 3.4(b) (falsifying evidence); 8.4(a) (violating the Rules through the acts of another); 8.4(b) (committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer); 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation); and 8.4(d) (engaging in conduct that seriously interferes with the administration of justice).

■ The Board agreed with the Hearing Committee's conclusions regarding the sanction recommendation of an eighteen-month suspension. The Board noted that based on a joint stipulation of facts and respondent's testimony, including his admission of violation of certain rules, the Hearing Committee found that Bar Counsel had proved each charge by clear and convincing evidence. Respondent's misconduct occurred during the course of a child support proceeding with his former wife where she claimed violations of a prior order and arrears. At the disciplinary proceeding, respondent apologized for the conduct and admitted that during the child support hearing, he submitted altered checks to the D.C. Superior Court, made a false statement to that court claiming that he made more payments than he actually had.[2]

■ At the disciplinary proceeding, respondent sought mitigation of the sanction based on *In re Kersey*, 520 A.2d 321 D.C. 1987, in that he claimed depression following a series of traumatic events involving his divorce, the suicide of his son, and false allegations that he sexually assaulted his daughter. The Board noted that following conflicting psychiatric testimony, the Hearing Committee could not conclude that respondent had met his burden under *Kersey* of proving that his depression had substantially contributed to the filing of the altered checks and his false statements to the court, but the Hearing Committee concluded that sufficient mitigating factors warranted a reduction in the suspension period. Those mitigating factors included depression, respondent's genuine remorse for his actions, the lack of any prior disciplinary actions, his public service for close to twenty years as an Assistant United States Attorney, and the aberrant nature of the misconduct.[3] Both Bar Counsel and respondent have informed the court that they take no exception to the Board's Report and Recommendation. Thus, we give heightened deference to the Board's recommendation. *See* D.C. Bar R. XI, § 9(g)(2); *In re Hitselberger*, 761 A.2d 27 (D.C.2000); *In re Delaney*, 697 A.2d 1212, 1214 (D.C.1997).

■ This court will accept the Board's findings as long as they are supported by substantial evidence in the record. D.C. Bar R. XI, § 9(g)(1). Moreover, we will impose the sanction recommended by the Board "unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted." *In re Delaney*, supra, 697 A.2d at 1214. We find substantial support in the record for the Board's findings, and accordingly, we accept them. Likewise, we adopt the sanction recommended by the Board, as it is not inconsis-

---

dent has not practiced law since he suffered a stroke on March 16, 2005.

2. A criminal investigation of respondent ensued, and on January 13, 2005, he entered a guilty plea to the misdemeanor charge of failing to pay child support. (*United States v. Mayers*, D.D.C. no. 1:04–CR–00567).

3. The Board also noted that the Hearing Committee rejected respondent's request that the suspension be treated *nunc pro tunc* from March 2005, the date when respondent suffered a stroke, and rejected Bar Counsel's request for a fitness requirement.

tent with discipline imposed in cases involving similar violations. *In re Parshall,* 878 A.2d 1253 (D.C.2005); *In re Hutchinson,* 534 A.2d 919 (D.C.1987). Accordingly, it is

ORDERED that Oscar S. Mayers be suspended for a period of eighteen months from the practice of law in the District of Columbia, effective immediately. We di-

rect respondent's attention to the requirements of D.C. Bar R. XI, § 14(g), and their effect on his eligibility for reinstatement. *See* D.C. Bar R. XI, § 16(c).

*So ordered.*