In re J. Coury MacDONALD, Respondent.

A Member of the Bar of the District of Columbia Court of Appeals, (Bar Registration No. 426895).

No. 07–BG–321.

District of Columbia Court of Appeals.

Submitted June 2, 2008.

Decided June 12, 2008.

Before FARRELL, REID and KRAMER, Associate Judges.

PER CURIAM:

Respondent, J. Coury MacDonald, has been a member of the bar of this court since 1991, and was admitted to practice law in the Commonwealth of Virginia and the State of Florida. On April 12, 2007, the Disciplinary Board of the Virginia State Bar ("Virginia Board") issued an order revoking respondent's license to practice law.[1] The Virginia Board found that respondent violated Virginia Rules of Professional Conduct 1.3(a)(b) and (c) (diligence regarding client matters), 1.4(a) and (b) (communication with a client), 1.15(c)(3) and (e)(2) (safekeeping property), 1.16(d) (terminating representation), 5.5(a)(1) (unauthorized practice of law), and 8.4(b) (misconduct). The misconduct which prompted the Virginia Board's order included failure to keep and render appropriate accounts to clients, failure to notify clients of his October 2006 suspension, practicing law while suspended, and converting to his own use at least $300,000 of a client's funds designated for trusts that respondent was to establish, as requested by the client. Respondent faced four pending felony charges alleging that he obtained money by false pretenses.

Respondent failed to report the Virginia revocation to Bar Counsel as required by D.C. Bar R. XI, § 11(b). Bar Counsel learned about the suspension through a referral from the Virginia State Bar. Bar Counsel filed a certified copy of the Virginia revocation with this court. On May 14, 2007, we issued an order suspending respondent until final resolution of this matter. *See* D.C. Bar R. XI, § 11(d). We directed the Board on Professional Responsibility ("the Board") to recommend whether identical, greater, or lesser discipline should be imposed as reciprocal discipline, or whether it would proceed *de novo*. The Board recommends imposing the functionally equivalent reciprocal discipline of disbarment.[2] Bar Counsel has informed the court that he takes no exception to the Board's Report and Recommendation, nor has respondent filed any exceptions to the Board's Report and Recommendation or otherwise participated in these proceedings.

"The Board's recommendation of a proposed sanction comes to us with a heavy presumption in its favor; it will be adopted 'unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted.' This presumption becomes even stronger and our review more deferential when, as here, no exceptions have been filed."[3] Therefore, we adopt the Board's recommendation since the Board found, in part, that respondent's actions would warrant disbarment in this

---

1. The Virginia Board held a hearing on March 23, 2007. Respondent received notice of the charges and attended the hearing, but he did not present a defense. At the close of the hearing, the Virginia Board issued a summary order on the same day, revoking Respondent's Virginia license to practice law. The order entered on April 12, 2007 reflected March 23, 2007 as the effective date of the revocation.

2. *In re Laibstain,* 841 A.2d 1259, 1263 (D.C. 2004) (Disbarment in the District of Columbia is the functional equivalent to revocation in Virginia).

3. *In re Devaney,* 870 A.2d 53, 56 (D.C.2005).

jurisdiction. *See In re Carlson,* 745 A.2d 257, 259 (D.C.2000) (This court has held that misappropriation alone is sufficient to warrant the sanction of disbarment and it will "be the only appropriate sanction unless it appears that the misconduct resulted from nothing more than simple negligence"); *see also In re Pierson,* 690 A.2d 941 (D.C.1997) (holding that attorney should be disbarred for using client escrow account to pay her business expenses); *In re Gil,* 656 A.2d 303 (D.C.1995) (imposing disbarment where respondent used the power of attorney to take a client's funds). Accordingly, it is

ORDERED that J. Coury MacDonald is hereby disbarred from the practice of law in the District of Columbia, and his name shall be stricken from the roll of attorneys authorized to practice before this court. For the purposes of reinstatement, the disbarment shall be deemed to run from the date that respondent files an affidavit in compliance with D.C. Bar R. XI, § 14(g). *See In re Slosberg,* 650 A.2d 1329, 1331 (D.C.1994).

*So ordered.*