*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

**No. 22-BG-70**

IN RE BRIAN K. SNYDER,

**2021 DDN 205**

A Member of the Bar of the
District of Columbia Court of Appeals

**Bar Registration No. 503032**

BEFORE:  McLeese and Howard, Associate Judges, and Washington, Senior Judge.

### O R D E R
(FILED— April 28, 2022)


On consideration of the certified order from the state of Virginia revoking respondent's license to practice law in that jurisdiction by consent; this court's February 16, 2022, order directing respondent to show cause why reciprocal discipline should not be imposed; and the statement of Disciplinary Counsel; and it appearing that respondent has not filed a response or his D.C. Bar R. XI, § 14(g) affidavit; it is

ORDERED that Brian K. Snyder is hereby disbarred from the practice of law in the District of Columbia.  *See In re Sibley*, 990 A.2d 483, 487 (D.C. 2010) (explaining that there is a rebuttable presumption in favor of imposition of identical discipline and exceptions to this presumption should be rare); *In re Fuller*, 930 A.2d 194, 198 (D.C. 2007) (rebuttable presumption of identical reciprocal discipline applies to all cases in which the respondent does not participate); *In re Laibstain*, 841 A.2d 1259, 1263 (D.C. 2004) (explaining that the equivalent sanction for revocation in the District is disbarment).  It is

**No. 22-BG-70**


FURTHER ORDERED that for purposes of reinstatement, respondent's disbarment will not begin to run until such time as he files an affidavit that fully complies with the requirements of D.C. Bar R. XI, § 14(g).


**PER CURIAM**