*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

**No. 22-BG-0984**

IN RE EVAN STUART ELAN,

    Respondent.

An Administratively Suspended Member
of the Bar of the District of Columbia Court of Appeals
**Bar Registration Number:** 1015816           **DDN:** 2023-D203

BEFORE: Beckwith and AliKhan, Associate Judges, and Ruiz, Senior Judge.

**O R D E R**
(FILED— September 28, 2023)

On consideration of the certified orders from the Commonwealth of Virginia revoking respondent's license to practice law; this court's July 7, 2023, order maintaining respondent's suspension and directing him to show cause why the functionally equivalent discipline of disbarment should not be imposed as reciprocal discipline; and the statement of Disciplinary Counsel requesting that reinstatement be conditioned upon respondent's reinstatement in Virginia, to which respondent has not objected; and it appearing that respondent has not filed a response or his D.C. Bar R. XI, § 14(g) affidavit, it is

ORDERED that Evan Stuart Elan is hereby disbarred from the practice of law in the District of Columbia. *See In re Sibley*, 990 A.2d 483, 487-88 (D.C. 2010) (explaining that there is a rebuttable presumption in favor of imposition of identical discipline and exceptions to this presumption should be rare); *In re Fuller*, 930 A.2d 194, 198 (D.C. 2007) (stating that the rebuttable presumption of identical reciprocal discipline applies to all cases in which the respondent does not participate); *see also In re Laibstain*, 841 A.2d 1259, 1263 (D.C. 2004) (explaining that the equivalent sanction in the District for revocation elsewhere is disbarment). In addition to the other requirements for reinstatement, respondent must be reinstated in Virginia prior to filing a petition for reinstatement in this jurisdiction. It is

FURTHER ORDERED that, for purposes of reinstatement, respondent's disbarment will not begin to run until such time as he files an affidavit that fully complies with the requirements of D.C. Bar R. XI, § 14(g).

**PER CURIAM**