*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

**No. 24-BG-0155**

IN RE MARK A. BLACK

**DDN:** 2024-D015

A Suspended Member of the Bar of the
District of Columbia Court of Appeals

**Bar Registration No.** 476206

BEFORE: Easterly and Shanker, Associate Judges, and Fisher, Senior Judge.

### O R D E R
(**FILED**—May 16, 2024)

On consideration of the certified order from the Commonwealth of Virginia revoking respondent's law license by consent; this court's March 29, 2024, order maintaining respondent's suspension pending final disposition of this proceeding and directing him to show cause why reciprocal discipline should not be imposed; and the statement of Disciplinary Counsel recommending the functionally equivalent discipline of disbarment be imposed as reciprocal discipline; and it appearing that respondent has not filed a response to the show cause order or his D.C. Bar R. XI, § 14(g) affidavit; and it further appearing that this case was originally opened once the court received notice that respondent had been convicted of federal felony offenses including conspiracy to produce child pornography and coercion and enticement, it is

ORDERED that Mark A. Black is hereby disbarred from the practice of law in the District of Columbia. *See In re Sibley*, 990 A.2d 483, 487-88 (D.C. 2010) (explaining that there is a rebuttable presumption in favor of imposition of identical discipline and exceptions to this presumption should be rare); *In re Fuller*, 930 A.2d 194, 198 (D.C. 2007) (stating that the rebuttable presumption of identical reciprocal discipline applies to all cases in which the respondent does not participate); *see also In re Laibstain*, 841 A.2d 1259, 1263 (D.C. 2004) (explaining that the equivalent sanction for revocation in the District is disbarment). It is

No. 24-BG-0155

FURTHER ORDERED that, for purposes of reinstatement, respondent's disbarment will not begin to run until such time as he files an affidavit that fully complies with the requirements of D.C. Bar R. XI, § 14(g). It is

FURTHER ORDERED that the February 27, 2024, order referring the criminal conviction to the Board on Professional Responsibility to institute formal proceedings is vacated.

**PER CURIAM**