*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

**No. 25-BG-0108**

IN RE VINCENT M. AMBERLY,
                    Respondent.
A Suspended Member of the Bar of the
District of Columbia Court of Appeals

**Bar Registration No. 365590**                    **DDN: 2024-D227**

BEFORE:  Blackburne-Rigsby, Chief Judge, Beckwith, Associate Judge, and Ruiz, Senior Judge.

**O R D E R**
(FILED – July 10, 2025)

On consideration of the order from the Virginia State Bar Disciplinary Board revoking respondent's license to practice law in Virginia; this court's February 24, 2025, order maintaining respondent's preexisting suspension in the District pending this matter's resolution and directing him to show cause why identical reciprocal discipline should not be imposed; and the statement of Disciplinary Counsel recommending that identical reciprocal discipline be imposed and that reinstatement in the District be conditioned upon respondent's reinstatement in Virginia; and it appearing that respondent has not filed a response to the show cause order or his D.C. Bar R. XI, § 14(g) affidavit and has not opposed Disciplinary Counsel's proposed reinstatement condition; it is

ORDERED that Vincent M. Amberly is hereby disbarred from the practice of law in the District of Columbia with reinstatement conditioned upon reinstatement in Virginia. *See In re Sibley*, 990 A.2d 483, 487-88 (D.C. 2010) (explaining that exceptions to the rebuttable presumption in favor of identical reciprocal discipline should be rare); *In re Fuller*, 930 A.2d 194, 198 (D.C. 2007) (per curiam) (explaining that the rebuttable presumption applies to all cases in which the respondent does not participate); *see also In re Elan*, 302 A.3d 501, 502 (D.C. 2023) (per curiam) (where the respondent did not object, conditioning his reinstatement upon reinstatement in the originating jurisdiction); *In re Laibstain*, 841 A.2d 1259, 1263 (D.C. 2004) (per

curiam) (explaining that revocation under Virginia law is functionally equivalent to disbarment).  It is

FURTHER ORDERED that for purposes of reinstatement, respondent's disbarment will not begin to run until such time as he files an affidavit that fully complies with the requirements of D.C. Bar R. XI, § 14(g).

**PER CURIAM**