In re Dana W. JOHNSON, Respondent.

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 01–BG–563.**

District of Columbia Court of Appeals.

Submitted Nov. 12, 2002.
Decided Nov. 27, 2002.

Before SCHWELB, RUIZ and GLICKMAN, Associate Judges.

PER CURIAM:

The Maryland Court of Appeals disbarred respondent Dana W. Johnson after concluding that he "repeatedly engaged in conduct involving dishonesty, fraud, deceit, and misrepresentation" in violation of Maryland Rule of Professional Conduct 8.4(c) and also violated Rules 1.7(b) (conflict of interest), 3.3(a)(1) (candor toward the tribunal), 5.5(a) (unauthorized practice of law) and 8.4(d) (conduct prejudicial to the administration of justice), among other rules. *Attorney Grievance Comm'n v. Johnson,* 363 Md. 598, 770 A.2d 130, 151 (2001). Among other things, Johnson filed a bankruptcy petition without the knowledge or consent of his putative clients, forging signatures and fabricating information in the process, in order to forestall a mortgage foreclosure on property he had contracted to purchase. The Board on Professional Responsibility recommends that Johnson be disbarred in this jurisdiction as identical reciprocal discipline. *See* D.C. Bar R. XI, § 11(c). As neither Johnson nor Bar Counsel has contested the Board's recommendation in this court,[1] "the Court will enter an order imposing the discipline recommended by the Board." D.C. Bar R. XI, § 11(f)(1). *See, e.g., In re Richards,* 764 A.2d 254, 255 (D.C.2000); *In re Dixon,* 763 A.2d 730, 732 (D.C.2000). Accordingly, it is hereby

ORDERED that respondent Dana W. Johnson is disbarred from the practice of law in the District of Columbia. As respondent has not filed the affidavit required by D.C. Bar R. XI, § 14(g), we direct his attention to the requirements of that rule and their effect on his eligibility for reinstatement. *See* D.C. Bar XI, § 16(c).

*So ordered.*

---

1. Although Johnson did file exceptions to the Board's report and recommendation, *see* D.C. Bar R. XI, § 11(e), he thereafter failed to file a brief despite repeated orders of this court. We accordingly entered an order directing that this case be considered on the Board's report and recommendation only. But even taking into account Johnson's exceptions, and his incorporation therein by reference of the brief he filed with the Board, we are satisfied that he has failed to show by the requisite clear and convincing evidence that grounds exist for not imposing the identical reciprocal discipline recommended by the Board. *See* D.C. Bar R. XI, § 11(c), (f)(2).