**In re Shola E. AYENI, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 02–BG–845.**

District of Columbia Court of Appeals.

Submitted April 15, 2003.

Decided May 1, 2003.

Before FARRELL, GLICKMAN, and WASHINGTON, Associate Judges.

PER CURIAM:

The Board on Professional Responsibility ("Board"), in accord with the Hearing Committee, has found that respondent Shola Ayeni violated several Rules of Professional Conduct, including recklessly or intentionally misappropriating client funds, and concluded that his misconduct mandates disbarment. Respondent's misconduct occurred in the course of his representation of three different clients.

■ First, in a matter in which he was appointed guardian of a minor, respondent transferred client funds to his own account, used those funds to cover a delinquency in another client fund, and made other transactions involving commingling of personal and client funds and questionable use of those funds. He also failed to file tax returns on behalf of his client. The Board concluded that respondent's conduct in that matter violated Rules 1.15(a), 1.17(a), and 1.3(b) of the District of Columbia Rules of Professional Conduct.

In another guardianship matter, respondent deposited client funds into his operating account. He used that account for both operating and personal expenses, and its balance often fell below the amount of the client funds he deposited into it. Respondent never accounted for the client funds, and asserted in his final accounting to the court that there were no tangible assets in the Estate. The Board concluded that respondent's conduct in that matter violated Rules 1.15(a), 1.17(a), 8.4(c), and 3.3(a)(1). In both of these cases, respondent was eventually removed as guardian.

In a third matter, in which respondent was appointed to represent a criminal defendant on appeal, respondent filed a brief in this court that was virtually identical to the brief filed earlier by his client's co-defendant. Respondent denied having plagiarized the brief, claiming to have never seen the co-defendant's brief. He later stated that the brief was primarily written by an intern. However, respondent submitted a voucher for payment asserting that he expended more than nineteen hours researching and writing the brief. The Board concluded that respondent's conduct in that matter violated Rule 8.4(c).

The Board rejected respondent's argument that he was entitled to mitigation under *In re Kersey*, 520 A.2d 321 (D.C. 1987). Although respondent satisfactorily demonstrated that he suffered from an alcoholism-induced impairment at the time of his misconduct, the Board found that he failed to provide clear and convincing evidence that his impairment substantially caused his misconduct and that he has been rehabilitated.

Bar Counsel takes no exception to the Board's report and recommendation that respondent be disbarred. Although initially filing exceptions to the Board's recommendation, respondent has not filed a brief; thus, we deem the matter uncontested. *See In re Johnson*, 810 A.2d 917 (D.C.2002).

This court will accept the Board's findings as long as they are supported by substantial evidence in the record. D.C. Bar R. XI, § 9(g)(1). Moreover, we will impose the sanction recommended by the Board "unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted." *Id.* Respondent's failure to pursue his objections to the Board's report and recommendation increases this court's already substantial deference to the Board. D.C. Bar R. XI, § 9(g)(2); *In re Delaney*, 697 A.2d 1212, 1214 (D.C.1997).

■ We find substantial support in the record for the Board's findings on both respondent's misconduct and lack of entitlement to *Kersey* mitigation. Disbarment

is the appropriate sanction in nearly all cases of intentional or reckless misappropriation. *In re Carlson,* 802 A.2d 341, 348 (D.C.2002) (citing *In re Addams,* 579 A.2d 190, 191 (D.C.1990) (en banc)). Accordingly, we adopt the Board's recommendation, and it is

ORDERED that Shola R. Ayeni is disbarred from the practice of law in the District of Columbia effective thirty days from the date of this opinion. *See* D.C. Bar R. XI, § 14(f). We direct respondent's attention to the requirements of D.C. Bar R. XI, § 14(g) and their effect on his eligibility for reinstatement. *See* D.C. Bar R. XI, § 16(c).

*So ordered.*