# IN THE SUPREME COURT OF IOWA

No. 08–0487

Filed December 5, 2008

**IOWA SUPREME COURT ATTORNEY
DISCIPLINARY BOARD,**

 Complainant,

vs.

**ROBERT A. WRIGHT, JR.,**

 Respondent.

_____

On review of the report of the Grievance Commission.

Grievance Commission reports respondent has committed ethical misconduct and recommends a public reprimand. **ATTORNEY REPRIMANDED.**

Charles L. Harrington and David Grace, Des Moines, for complainant.

Robert A. Wright, Jr., Des Moines, pro se.

**HECHT, Justice.**

The Iowa Supreme Court Attorney Disciplinary Board charged Robert A. Wright, Jr., with violations of the Iowa Code of Professional Responsibility for Lawyers based on Wright's actions in an appeal filed with this court. The Grievance Commission of the Supreme Court of Iowa found Wright's actions were prejudicial to the administration of justice in violation of DR 1–102(A)(5) and DR 1–102(A)(1) and recommended the imposition of a public reprimand. Wright has appealed from the Commission's recommendation. After reviewing the record, we find Wright committed ethical violations warranting a public reprimand.

## I. Scope of Review.

We review attorney disciplinary proceedings de novo. *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Piazza*, 756 N.W.2d 690, 692 (Iowa 2008). We give weight to the factual findings of the Commission, especially with respect to the credibility of witnesses, but we find the facts anew. *Id.*; *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Beckman*, 674 N.W.2d 129, 131 (Iowa 2004). Violations must be proved by a convincing preponderance of the evidence. *Id.*

## II. Factual Findings.

Wright agreed to represent Samantha Brown in a paternity and child custody dispute. Brown and her mother executed an "Attorney Hourly Contract" in which they agreed to pay Wright a "minimum fee" of three thousand dollars. The fee agreement required Brown and her mother to pay the fee at the rate of one hundred dollars per month.[1]

---

[1]Brown and her mother agreed the balance of the fee not paid by monthly payments would be paid from the proceeds of a lawsuit in which Wright represented Brown's mother.

District Court Judge Arthur Gamble filed a decision denying Brown's claim for physical custody of her children. After consulting with Brown, Wright filed a notice of appeal on March 26, 2004.

Wright knew Brown had failed to make the monthly payments required by the fee contract for his services in the district court.[2] Anticipating Brown would have difficulty funding the out-of-pocket expenses necessitated by the appeal, Wright contacted Judge Gamble's court reporter, Rebecca Tierney, to obtain an estimate of the cost of the trial transcript. Tierney estimated the cost of transcription would be seven hundred fifty dollars, and informed Wright the transcript would be prepared after she received payment. Wright communicated this information to Brown and notified her she must raise the funds in order to proceed with the appeal. Brown informed Wright that she did not then have the money to pay for the transcript, but assured him she would attempt to borrow it.

Wright hired an independent paralegal to prepare the combined certificate. When he signed and served the certificate on opposing counsel on March 30, 2004, Wright certified he would pay for the transcript in accordance with Iowa Rule of Appellate Procedure 6.10(2)(*b*) (deeming the combined certificate the attorney's professional statement that payment for the transcript will be made). At the time he executed the combined certificate, Wright had no intention of completing the appeal if Brown failed to advance the cost of the transcript. Unfortunately, Wright failed to discern obvious errors in the certificate which purported to order transcription of the proceedings from the court

---

[2]Brown testified she made no payments to Wright, but disclaimed knowledge as to whether Wright received payment from proceeds of her mother's lawsuit.

reporter for District Court Judge Glenn Pille, rather than Judge Gamble.[3] The certificate also erroneously represented the appeal was not expedited under Iowa Rule of Appellate Procedure 6.17.[4]

Wright paid the docketing fee and Brown's appeal was docketed on May 3, 2004. Tierney did not prepare a transcript because the combined certificate was not mailed to her, and she was not informed that the certificate had been served. The deadline for filing Brown's proof brief and a designation of the contents of the appendix passed. The clerk of this court notified Wright of his delinquency on October 5, 2004, assessed a penalty of fifty dollars, and informed counsel the appeal would be dismissed for want of prosecution if the default were not cured within fifteen days.[5]

Wright contacted Brown to inform her of the impending dismissal of her appeal for failure to prosecute it.[6] Brown disclosed she still had not raised the money required to pay for the transcript, but claimed she would continue trying to raise the funds. Brown's efforts to borrow the funds were unproductive, however, and Wright did not cure the default.

Having heard nothing further from Wright since March of 2004 about whether transcription of the record in Brown's case would be

---

[3]The "Proof of Service and Certificate of Filing" signed by Wright represented the document was mailed to opposing counsel and to "Court Reporter c/o The Honorable Glenn E. Pille." Judge Pille's court reporter was Teresa Kordick. There is no evidence that Judge Pille or Kordick received the combined certificate.

[4]This error was brought to Wright's attention by the clerk of this court, and Wright corrected it.

[5]The notice also warned that if Wright failed to cure the default within the prescribed period, a copy of any dismissal order would be forwarded to the Iowa Supreme Court Board of Professional Ethics and Conduct.

[6]Wright had spoken to Brown on other occasions, as well, after the combined certificate was filed and before expiration of the time to cure the default to determine whether she had raised the funds to pay for the transcript.

required, Tierney placed a call to Wright on November 1, 2004 to inquire about the status of the case.[7]  On November 5, 2004, the clerk of this court entered an order of dismissing Brown's appeal.

The Board filed a complaint charging Wright with violations of DR 7–101(A) (failure to seek the lawful objectives of a client), DR 6–101(A) (neglecting a client's legal matter), DR 2–110 (improper withdrawal from employment), DR 1–102(A)(1) (violation of a disciplinary rule), DR 1–102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation), DR 1–102(A)(5) (conduct prejudicial to the administration of justice) and DR 1–102(A)(6) (conduct adversely reflecting on fitness to practice law).  After a hearing on the merits, the Commission filed its findings of fact and conclusions of law.  The Commission found Wright violated DR 1–102(A)(5) (conduct prejudicial to the administration of justice), and DR 1–102(A)(1) (violation of a disciplinary rule) when he filed the combined certificate with knowledge that he would not pursue the appeal if Brown failed to raise the funds necessary to obtain the transcript, and when he "was aware or should have been aware" his certification that he would pay for the transcript might not be honored.  The Commission found the Board failed, however, to meet its burden to prove the other alleged violations by a convincing preponderance of the evidence.  Wright appeals, contending he violated no disciplinary rule in representing Brown, and contesting the Commission's bill of costs.

### III.  Ethical Violations.

Wright's alleged misconduct occurred prior to July 1, 2005, and is therefore governed by the Iowa Code of Professional Responsibility for

---

[7]Tierney could not recall at the time of her testimony on October 31, 2007, whether she spoke directly to Wright, or merely left a message of inquiry for him.

Lawyers. *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Tompkins*, 733 N.W.2d 661, 666 (Iowa 2007).

> "[T]here is no typical form of conduct that prejudices the administration of justice." Generally, acts that have been deemed prejudicial to the administration of justice have "hampered the efficient and proper operation of the courts or of ancillary systems upon which the courts rely."

*Iowa Supreme Ct. Att'y Disciplinary Bd. v. Borth*, 728 N.W.2d 205, 211 (Iowa 2007) (quoting *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Steffes*, 588 N.W.2d 121, 123 (Iowa 1999)).

Wright acknowledges this court has on several occasions imposed discipline on lawyers who failed to prevent administrative dismissal of appeals. *See Tompkins*, 733 N.W.2d at 670; *Iowa Supreme Ct. Att'y Disciplinary Bd. v. McCarthy*, 722 N.W.2d 199, 205–06 (Iowa 2006); *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Daggett*, 653 N.W.2d 377, 380 (Iowa 2002); *Comm. on Prof'l Ethics & Conduct v. Thomas*, 495 N.W.2d 684, 687 (Iowa 1993). He contends, however, we should not find his conduct prejudicial to the administration of justice in violation of DR 1–102(A)(5) because the dismissal of Brown's appeal was not the result of neglect or a deliberate decision to allow dismissal. Wright asserts the sole cause of the dismissal was instead Brown's failure to raise the funds for the transcript.

As we have already noted, Wright spoke with Brown on several occasions after filing the combined certificate, monitoring whether she had raised the funds to pay for the transcript. He wanted to proceed with his client's appeal, but was unwilling and not contractually obligated to advance the cost of the transcript. Brown attested in an affidavit it was her failure to pay for the transcript, not Wright's actions, that prevented her from proceeding with the appeal. Under the facts

presented here, we find the Board failed to prove Wright neglected Brown's interests. Wright in fact protected Brown's interest by commencing and maintaining the appeal notwithstanding her failure to pay his fee as she had agreed, and by allowing her time through October 20, 2004 to raise the funds to pay for the transcript.

Our determination that Wright did not neglect Brown's interests is not, however, dispositive on the question whether Wright's conduct was prejudicial to the administration of justice in violation of DR 1–102(A)(5). Even if Brown did not wish to proceed with her appeal, Wright was not relieved "from taking steps to end the matter." *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Lesyshen*, 712 N.W.2d 101, 105 (Iowa 2006). "Our case law makes it clear that an attorney cannot use a default notice to dismiss an appeal in lieu of the attorney's obligation to comply with our appellate rules." *Tompkins*, 733 N.W.2d at 669 (citing *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Moorman*, 683 N.W.2d 549, 552 (Iowa 2004)). Wright contends nonetheless his conduct does not rise to the level of a violation of DR 1–102(A)(5) because he intended to dismiss the appeal and did not deliberately allow the appeal to terminate through administrative dismissal. We are not persuaded. The clerk of this court notified Wright his default must be cured by October 20, 2004 to avoid dismissal of the appeal. Wright knew conclusively by that date that Brown was unable to pay for the transcript, yet he took no action to dismiss the appeal. His inaction caused the clerk to prepare and file an order two weeks later accomplishing the dismissal, and constituted conduct prejudicial to the administration of justice in violation of DR 1–102(A)(5). Wright's violation of DR 1–102(A)(5) supports, and we adopt as our own, the Commission's finding that Wright also violated DR 1–102(A)(1).

Although the Commission did not recommend discipline on the other alleged violations, we review them as well. *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Howe*, 706 N.W.2d 360, 365 (Iowa 2005). Upon our de novo review, we find the Board failed to prove Wright violated DR 7–101(A), DR 6–101(A), DR 2–110, DR 1–102(A)(4), or DR 1–102(A)(6).

**IV. Sanction.**

We are free to adopt, increase, or reduce the sanction recommended by the Commission. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Eich*, 652 N.W.2d 216, 217 (Iowa 2002). "In the end, we impose discipline based on the particular facts of each case." *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Hall*, 728 N.W.2d 383, 387 (Iowa 2007). We consider aggravating circumstances in determining the appropriate sanction for violation of disciplinary rules. *See Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. McKittrick*, 683 N.W.2d 554, 563 (Iowa 2004); *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Gallner*, 621 N.W.2d 183, 188 (Iowa 2001). A lawyer's record of prior disciplinary action is an aggravating circumstance. *McKittrick*, 683 N.W.2d at 563; *Gallner*, 621 N.W.2d at 188. Wright was publicly reprimanded by the Board in 2001 for violations of disciplinary rules in two cases, and he was admonished by the Board on two other occasions before he undertook the representation of Brown. We also consider the fact that Wright, who has been practicing since 1981, is an experienced lawyer. *See Gallner*, 621 N.W.2d at 188.

Under the circumstances presented here, we conclude the sanction recommended by the Grievance Commission is appropriate.

**V. Costs.**

Under our rules, if a "public reprimand results from formal charges of misconduct, [this court] shall assess against the respondent attorney

the costs of the proceeding." Iowa Ct. R. 35.26(1). The Commission filed an amended bill of costs on March 31, 2008 claiming total costs of $646.36, including $594.45 for the transcript and $51.91 for postage. Wright contends the claimed cost for the transcript exceeds the taxable amount authorized under our rules. *See* Iowa Ct. R. 22.28(1)(*a*) (prescribing a court reporter's maximum compensation for an "ordinary transcript" at "$3.50 per page for the original"). The transcript in this case is one hundred eleven pages in length. The taxable cost of the transcript is therefore $388.50.

Wright also contends the costs should be equitably apportioned because several of the alleged violations were not proved by the Board. He claims apportionment of the costs should be ordered because Iowa Court Rule 35.26(1) limits taxable costs in disciplinary actions to "those expenses normally taxed as costs in state civil actions pursuant to . . . Iowa Code chapter 625." Wright notes Iowa Code section 625.3 authorizes the court to make an equitable apportionment of the costs where a party "is successful as to a part of the party's demand, and fails as to part . . . ." Although the Board did not prove all of the violations alleged against Wright, we find apportionment of the costs is not appropriate under the circumstances presented here. Accordingly, costs of $440.41 incurred in the proceeding before the Commission shall be taxed to Wright. The costs of this appeal are also taxed to Wright.

**ATTORNEY REPRIMANDED.**