# IN THE SUPREME COURT OF IOWA

No. 10–0520

Filed October 15, 2010

**IOWA SUPREME COURT ATTORNEY
DISCIPLINARY BOARD,**

     Complainant,

vs.

**PETER SEAN CANNON,**

     Respondent.

---

On review of the report of the Grievance Commission of the Supreme Court of Iowa.

Attorney disciplinary action involving accusations of plagiarism and an unreasonable fee. **ATTORNEY REPRIMANDED.**

Charles L. Harrington and David J. Grace, Des Moines, for complainant.

Peter S. Cannon, West Des Moines, pro se.

**APPEL, Justice.**

In this disciplinary proceeding, an Iowa attorney is charged with plagiarism in connection with the filing of briefs in federal court. He is also accused of charging his client an unreasonable fee for the preparation of those briefs. The Grievance Commission of the Supreme Court of Iowa found that the attorney committed plagiarism but did not charge an excessive fee. The commission nonetheless recommended a six-month suspension of the attorney's license. The attorney has filed a statement urging a more lenient sanction. Upon our de novo review, we agree with the findings of the commission, but conclude a public reprimand is warranted.

### I.  Factual and Procedural History.

The Iowa Supreme Court Attorney Disciplinary Board filed a complaint against Iowa attorney Peter Cannon arising out of his representation of a client in bankruptcy proceedings. In its complaint, the board charged that Cannon filed a brief and a reply brief—in support of the removal of the attorneys for the bankruptcy trustee—which were largely plagiarized from a published article. The board also alleged that a bill of $5737.50 for 25.5 hours of work for Cannon's execution of the briefs was excessive.

The underlying dispute from which this ethical complaint arises is complex. Attorney Jay Marcus brought an action, on behalf of his clients, the Cains, against Ted Burghoff in state court alleging that Burghoff had swindled money from the Cains through an investment scheme involving the acquisition of IPO stock. During the pendency of that action, the Cains deposed John Petit. Petit, believing that the focus of the deposition centered on Burghoff's conduct, was unrepresented at the time. During the deposition, however, Marcus began to aggressively

question Petit about his conduct regarding the development of the scheme to acquire the IPO stock. Ultimately, Petit refused to answer the questions posed by Marcus.

Eventually, Burghoff filed for bankruptcy protection, and Marcus was appointed as special counsel to the bankruptcy trustee to pursue Petit. Attorney Mark Sherinian initially represented Petit in the bankruptcy proceeding, but he sought Cannon's help in the litigation. Sherinian and Cannon believed that Marcus had a personal and legal vendetta against Petit due, in part, to the attorney's conduct during Petit's deposition and his aggressive legal style. They also believed that Marcus's continued representation of the Cains in the state court proceeding was inappropriate. As a result, Sherinian and Cannon believed that Marcus was not "disinterested" as required by the Bankruptcy Code and sought to have him disqualified as special counsel in the bankruptcy proceedings.

Cannon filed a motion to disqualify Marcus with the bankruptcy court, along with a twenty-one-page brief. Following the hearing, Cannon submitted a further brief in support of the motion. Bankruptcy Judge Paul Kilburg denied Cannon's motion to disqualify Marcus as special counsel for the trustee.

After the motion was denied, Judge Kilburg, having found Cannon's briefs to be of unusually high quality, issued an order directing Cannon to certify that he was the author of the two briefs in question. Cannon filed a response indicating that both briefs were his sole responsibility and that they "relied heavily" upon an article entitled *Why Professionals Must be Interested in "Disinterestedness" Under the Bankruptcy Code* by William H. Schrag and Mark C. Haut. Cannon further admitted that his initial brief "exceeded permissible fair use

without attestation" of the source. He reported he had informed his client about his mistake as well as the bar association.

The bankruptcy court initiated sanction proceedings against Cannon. The bankruptcy court concluded that seventeen of the nineteen pages of legal analysis in the initial brief were verbatim excerpts from the article, with only variations for format and deletion of matters detrimental to Cannon's position. Although the bankruptcy court noted that the posthearing brief contained more original material, the bankruptcy court found that it had several pages of string citations from the article, including the authors' parenthetical notations. The bankruptcy court also determined that Cannon charged his client an unreasonable fee to prepare the two briefs.

In light of its conclusion that Cannon committed plagiarism and charged an unreasonable fee, the bankruptcy court ordered Cannon to (1) complete a law-school-equivalent course in professional responsibility, (2) disgorge the fee charged to his client for the briefs' preparation, (3) formally notify the authors of the plagiarized article and provide the court with a copy of the correspondence, and (4) provide copies of the sanction order to Chief Judge Pratt and the board.

The board commenced an investigation. Originally, the board and Cannon agreed to a public reprimand. This court, however, entered an order indicating it could not accept a public reprimand "under the limited record provided."

The board then initiated proceedings against Cannon. In connection with the alleged plagiarism, the board asserted that Cannon violated Iowa Rules of Professional Conduct 32:8.4(c) (conduct involving dishonesty, fraud, deceit, or misrepresentation), 32:3.3(a) (false statement of fact or law to a tribunal), and 32:7.1(a) (false or misleading

communication about the lawyer or lawyer's services).  With respect to the billings for the briefs, the board charged Cannon with violation of rule 32:1.5(a) (a lawyer shall not collect an unreasonable fee).

When the matter came to a hearing, the board did not present witnesses but relied instead upon exhibits and Cannon's admissions. Cannon testified that he did not intend to plagiarize when he started writing the brief and regretted his error.  Prior to preparing the brief, Cannon testified that he had conducted research, responded to emails from opposing counsel, and reviewed some thirty-two bankers boxes of documents.  By the time the brief was due, however, Cannon testified that he was time-pressed and made the wrong decision to plagiarize large sections of the Schrag and Haut article verbatim.  Cannon testified that he did not simply copy the article, but spent time looking at cases, looking at the facts, and analyzing the opposition papers.

The commission concluded that Cannon's hearing and posthearing briefs constituted plagiarism.  As a result, the commission found that Cannon violated rules 32:8.4(c), 32:3.3(a), and 32:7.1(a).  The commission, however, concluded that the board had not proven that Cannon charged an excessive fee in violation of rule 32:1.5(a).  That conclusion was based upon the fact that Cannon (1) forgave the fees billed to the client for the two briefs at issue, (2) made other financial accommodations for his client by paying for other counsel to be "brought up to speed" and by waiving fees for other legal work, and (3) did more work on the briefs than mere plagiarism. The commission recommended that Cannon's license to practice law be suspended for a period of not more than six months.

**II. Standard of Review.**

This court reviews attorney disciplinary proceedings de novo. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Bernard*, 653 N.W.2d 373, 375 (Iowa 2002). The board has the burden to prove an ethical violation by a " 'convincing preponderance of the evidence.' " *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Lickiss*, 786 N.W.2d 860, 864 (Iowa 2010) (quoting *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Mulford*, 625 N.W.2d 672, 679 (Iowa 2001)).

**III. Discussion.**

**A. Plagiarism.** In *Iowa Supreme Court Board of Professional Ethics & Conduct v. Lane*, 642 N.W.2d 296 (Iowa 2002), we addressed the question of whether plagiarism constituted an ethical violation. In *Lane*, the attorney submitted a posttrial brief in federal court that was largely plagiarized from a treatise. *Lane*, 642 N.W.2d at 298. Just as in this case, a federal judge asked Lane to certify the author or authors of the brief. *Id.* Unlike this case, however, Lane did not immediately acknowledge the plagiarism and failed to respond to the court for several months. *Id.* When Lane did respond, he buried the plagiarized treatise in a four-page, single-spaced list of sources. *Id.*

In *Lane*, we determined that plagiarism amounts to a misrepresentation to the court. *Id.* at 300; *see* Iowa R. Prof'l Conduct 32:8.4(c) (prohibiting lawyers from engaging in "conduct involving . . . misrepresentation"). We note that other courts considering the issue have reached the same conclusion. *See, e.g., In re Ayeni*, 822 A.2d 420, 421 (D.C. 2003) (finding attorney committed an ethical violation by copying codefendant's brief); *In re Zbiegien*, 433 N.W.2d 871, 875 (Minn. 1988) (finding plagiarism in a seminar paper constituted misconduct);

*Columbus Bar Ass'n v. Farmer*, 855 N.E.2d 462, 467–68 (Ohio 2006) (finding ethical violation for copying prior attorney's brief).

We recognize that the term "plagiarism" is something of a scarlet letter that imposes a brand on a wide variety of behaviors. We do not believe our ethical rules were designed to empower the court to play a "gotcha" game with lawyers who merely fail to use adequate citation methods. This case, however, does not involve a mere instance of less than perfect citation, but rather wholesale copying of seventeen pages of material. Such massive, nearly verbatim copying of a published writing without attribution in the main brief, in our view, does amount to a misrepresentation that violates our ethical rules. We note that before this court, Cannon has candidly admitted that his activity represented dishonesty and not negligence or incompetence.

We are less concerned about the alleged plagiarism in the posthearing brief. The claim of plagiarism in the posthearing brief is based on a lengthy string citation, including parentheticals, lifted from the Schrag and Haut article. While parentheticals can include original ideas or creative expression, often they merely represent summaries of cases without any unique intellectual work product. Nonetheless, it is clear that in the main brief, Cannon engaged in a material misrepresentation by copying page after page of original material and, in doing so, violated rule 32:8.4(c).

**B. Unreasonable Fee.** The commission found that the board did not meet its burden in proving an unreasonable fee in this case. In reviewing this issue, we note that the burden is on the board to show an ethical violation by a "convincing preponderance of the evidence." *Lickiss*, 786 N.W.2d at 864.

Upon our de novo review, we conclude, like the commission, that the board has not met its burden. Unlike in *Lane*, where there was little in the record to support the expenditure of time writing the plagiarized briefs, Cannon testified that he spent the time he billed on record review and research leading up to the filing of the briefs. He testified that he examined the facts of the case, looked through volumes of evidence, and conducted research on cases. He testified that he did the amount of work billed but simply took what amounted to a very unwise shortcut when he ran out of time to file the brief. While we engage in a de novo review, we give consideration to the commission's apparent determination that Cannon was a credible witness. In light of the lack of contrary evidence, and in light of the commission's determination of credibility, we conclude that the board failed to meet its burden by a "convincing preponderance of the evidence" that Cannon charged an excessive fee. *See Iowa Supreme Ct. Att'y Disciplinary Bd. v. Wright*, 758 N.W.2d 227, 228 (Iowa 2008) (noting that we give weight to the commission's credibility findings).

**C. Sanction.** There is no standard discipline for any particular type of attorney misconduct. *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Kadenge*, 706 N.W.2d 403, 410 (Iowa 2005). Nonetheless, we strive to maintain a certain level of consistency. *Id.* In determining the appropriate sanction, this court considers the nature of the violation or violations, the protection of the public, the need to deter similar misconduct by others, the lawyer's fitness to practice, and the court's duty to uphold the integrity of the profession. *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Iversen*, 723 N.W.2d 806, 810 (Iowa 2006).

In *Lane*, we suspended the attorney's license for six months. *Lane*, 642 N.W.2d at 302. It is clear, however, that *Lane* represents a more

egregious case than this proceeding. In *Lane*, the attorney not only committed plagiarism, but attempted to conceal that misconduct from the court. *Id.* at 298. Further, in *Lane*, we found that the attorney charged an excessive fee. *Id.* at 301. Neither an effort of concealment nor an excessive fee is present in this case. Yet, Cannon copied extensive portions of the Schrag and Haut article and omitted unfavorable passages of it. This is misrepresentation, plain and simple.

In mitigation, we note that Cannon has engaged in a series of remedial actions as required by the federal court. He refunded all his fee, and even paid Sherinian to get up to speed on the file after his plagiarism was uncovered. Conversely, Cannon has a history of prior ethical problems, which amounts to an aggravating factor.

Under all the facts and circumstances, we conclude that a public reprimand is the appropriate sanction in this matter. *See Iowa Supreme Ct. Att'y Disciplinary Bd. v. Newman*, 748 N.W.2d 786, 789 (Iowa 2008) (publicly reprimanding attorney for violation of rule 32:8.4(c)). We recognize that we originally rejected a public reprimand in light of the limited record presented to us. The commission has now developed a fuller record, and, after our review, we conclude that a public reprimand is appropriate.

## IV. Conclusion.

In light of the above facts and circumstances, Peter Cannon is publically reprimanded for the misrepresentations involved in this matter.

**ATTORNEY REPRIMANDED.**